IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff-Respondent, | § |
| V. | § CRIMINAL ACTION NO. H-94-121-2 |
| | § CIVIL ACTION NO. H-06-2840 |
| GONZALO J. ALVARADO, | § |
| Defendant-Petitioner. | § |

**MEMORANDUM AND RECOMMENDATION GRANTING
THE GOVERNMENT'S MOTION FOR DISMISSAL**

Before the Magistrate Judge is Petitioner Gonzalo J. Alvarado's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 985), and the United States' Answer and Motion for Dismissal (Document No. 991). After having reviewed the Government's motion, Alvarado's previous § 2255 motion (Document No. 760), and the claims raised herein, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion for Dismissal be GRANTED, and that Alvarado's § 2255 motion be DISMISSED WITHOUT PREJUDICE.

Alvarado was charged in 1994 with various drug trafficking offenses. On April 6, 1995, following a thirty-four day trial, a jury found Alvarado guilty of all the offenses with which he had been charged. Alvarado was then sentenced by the District Court to 340 months confinement. Alvarado's conviction and sentence were affirmed by the Fifth Circuit Court of Appeals on January 29, 1998. Alvarado then, in October 1998, filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 760), in which he alleged that he had been denied the effective assistance of counsel. With the exception of the claim that his counsel was ineffective for advising

him to reject a plea offer and for incorrectly advising him of the maximum sentence he faced if convicted, Alvarado's ineffectiveness claims were dismissed on April 8, 1999. (Document No. 788). Following an evidentiary hearing, those two remaining claims of ineffectiveness were dismissed on November 24, 1999. (Document No. 838). On December 13, 1999, and May 18, 2000, the District Court and the Fifth Circuit Court of Appeals, respectively, denied Alvarado a certificate of appealability. (Document Nos. 844 & 858). Over six years thereafter, Alvarado filed this, his second § 2255 Motion to Vacate, Set Aside or Correct Sentence. (Document No. 760). The Government has moved for dismissal, arguing that this Court is without jurisdiction to entertain Alvarado's second § 2255 motion because Alvarado has not obtained permission from the Fifth Circuit Court of Appeals to file such a second motion.

> Under 28 U.S.C. § 2255,
>
> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Section 2244(b)(3)(A), in turn, provides, "*[b]efore* a second or successive application permitted by this section *is filed in the district court*, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added). Both § 2255 and § 2244(b)(3)(A) contemplate that a § 2255 movant seek certification from the Fifth Circuit Court of Appeals for the filing of a second or successive § 2255 motion before the

motion is actually filed in the District Court. *See In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000) ("Before a successive 28 U.S.C. § 2255 motion may be filed in district court, the movant must obtain authorization from this court for the district court to consider the movant's successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), § 2255."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); *United States v. Rich*, 141 F.3d 550, 553 (5th Cir. 1998) (upholding dismissal of § 2255 motion where movant had not sought or acquired certification from the Fifth Circuit to file a second or successive § 2255 motion), *cert. denied*, 526 U.S. 1011 (1999).

A § 2255 motion is a second or successive motion within the meaning of 28 U.S.C. §§ 2244, 2255 if it: "'1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Here, the claims Alvarado raises in his second § 2255 motion – that he was denied effective assistance of counsel, that he was denied a speedy trial, that he was denied his right under the Vienna Convention to contact the Mexican Consulate, that there was insufficient evidence to support his conviction, that several witnesses testified falsely against him, and that the Government engaged in misconduct during the search of his home – are claims that Alvarado either did raise, or could have raised, in his first § 2255 motion. As such, the § 2255 motion filed by Alvarado on or about September 5, 2006, is a second or successive motion within the meaning of §§ 2244 and 2255. In addition, because there is nothing in the record to indicate that Alvarado sought and received the appropriate certification from the Fifth Circuit Court of

Appeals prior to filing his second or successive § 2255 motion, or that since the filing of the motion he has obtained the necessary certification, the District Court is without jurisdiction to entertain this § 2255 proceeding.  Therefore, Alvarado's current § 2255 motion (Document No. 985) should be dismissed without prejudice for lack of jurisdiction, and the Magistrate Judge

RECOMMENDS that the Government's Motion for Dismissal (Document No. 991) be GRANTED, and that Alvarado's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 985) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 18th day of January, 2007.

Frances H. Stacy
United States Magistrate Judge